(No. 20008.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EMMERSON BOLTON, Plaintiff in Error.

*Opinion filed April 17, 1930.*

CHARLES J. JENKINS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, with one Jesse Johnson, was indicted in the criminal court of Cook county for the crime of robbery while armed with a gun. According to the statements of counsel the two were tried together. The transcript of the record is deficient, however, in that it does not disclose that they were tried together or whether Johnson was convicted or acquitted. It discloses that plaintiff in error sought a separate trial, which was denied. The bill of exceptions contains appearances for both defendants, and the record shows only that the jury returned a verdict against plaintiff in error finding him guilty of robbery while accompanied by a confederate armed with a gun. While it is not essential in cases where less than all defendants tried and convicted bring the case to this court that every part of the record pertaining only to those abiding the judgment be included in the transcript, it is necessary that the transcript contain enough of the record as to all defendants to show what was done as to all of them. Plaintiff in error brings the cause here seeking a reversal of the judgment on the ground that the trial court erred in refusing to grant him a separate trial and in limiting his cross-examination of the complaining witness. His only defense was offered by character witnesses. He did not take the witness stand.

On the call of the case for trial plaintiff in error's counsel filed a written motion for separate trial, accompanied

by an affidavit. The ground of the motion was that plaintiff in error's co-defendant had made a confession to the police admitting his participation in the robbery and implicating the plaintiff in error. Though no objection to the allowance of the motion appears on the part of the State's attorney, the court overruled it and denied plaintiff in error a separate trial on the ground that the motion was not made in apt time; that no notice thereof had been served on the State's attorney as required by rules of court, and that the showing made was not sufficient.

It appears from the State's evidence that about one o'clock on the morning of January 13, 1929, the complaining witness, Ann Doherty, and one John Maloy, were robbed in front of 4901 Drexel boulevard, in the city of Chicago, while sitting in an automobile in front of an apartment in which the former lived. They had just driven up to the building and were sitting in the car. Ann Doherty testified that an automobile passed them and she saw the two defendants in the automobile; that plaintiff in error was driving the car; that after it had passed, defendant Johnson came up to the side of the car with a gun and demanded their belongings; that he took an overcoat, fountain pen, money and checks from Maloy and took her fur coat and wrist watch; that he then got into the back seat and put the gun at their backs and compelled them to drive down Forty-ninth street and into an alley, where he told them to remain five minutes or he would "plug" them; that they stayed there more than five minutes and then went into the building and notified the police. She testified that she later identified plaintiff in error at the police station. Maloy corroborated Ann Doherty as to what occurred at the time of the robbery. He did not testify that he saw plaintiff in error and did not identify him.

Officer Williams, of the police force, testified that on the 14th of January he arrested plaintiff in error at a cabaret on East Thirty-fifth street; that he and other offi-

cers had a conversation with him at the police station and he denied the robbery; that on the 15th Johnson came to the police station looking for Bolton, and they arrested him and had a conversation with him. Upon being asked what that conversation was, counsel for plaintiff in error asked that the jury be excluded and that the court examine the witnesses out of the presence of the jury and instruct them to omit from any statement which Johnson made, the name or reference to plaintiff in error and any testimony concerning such conversation with Johnson which might be damaging against plaintiff in error. This motion was denied. The officer testified that Johnson told him that he and plaintiff in error drove by complaining witnesses and stopped their car, and he, Johnson, got out and went back and "put a gun on Mr. Maloy and the young lady" and made them give him his overcoat and money, and that he later took the young lady's coat and her watch and made them drive their car up in an alley and stay there and told them not to get out; if they got out in five minutes he would kill them. At the request of counsel for plaintiff in error the court instructed the jury that the confession of Johnson was not binding on plaintiff in error.

On cross-examination of Ann Doherty counsel for plaintiff in error sought to question her concerning her identification of plaintiff in error at the police station. He asked the witness whether she saw Emmerson Bolton at the police station, how he was dressed, how many times she saw him and when she saw him. To all of these questions objections were made and sustained. This was error. By those rulings plaintiff in error's counsel was denied the right of full cross-examination of this witness concerning matters vital to the probative force of her identification. She had testified that this robbery occurred about one o'clock in the morning; that she had seen plaintiff in error and Johnson, who are negroes, driving by. It was plaintiff in error's right to question witness as to the circumstances sur-

rounding her identification of him at the police station and it was error to so limit that examination. The only evidence in the case against plaintiff in error was this identification of him by Ann Doherty and the testimony of the police officer concerning Johnson's confession, which the court instructed the jury to consider only as against Johnson.

It is earnestly argued that the court should have granted plaintiff in error a separate trial. It is a rule long in effect in this State that where one of several defendants jointly indicted has made admissions or confessions implicating others, a severance should be ordered unless the State's attorney declares that such admissions and confessions will not be offered in evidence on the trial. (*People* v. *Sweetin,* 325 Ill. 245; *People* v. *Rupert,* 316 id. 38; *People* v. *Buckminster,* 274 id. 435; *White* v. *People,* 81 id. 333.) Counsel for the State argue that this motion was not made in time and that the affidavit was insufficient. The motion was made as soon as the case was called for trial and was in sufficient time. By it, though the affidavit was on information and belief as to the implication of plaintiff in error by Johnson's confession, the court and the People were informed of the grounds of the motion. The State was in possession of Johnson's confession and could readily have informed the court to the contrary if the affidavit was not true. The affidavit was necessarily on information and belief. A separate trial should have been granted.

On the trial plaintiff in error's counsel sought to have the police officer instructed to eliminate from his testimony as to the confession any reference to the plaintiff in error. His motion to this effect was denied. This was error. It was his right to have such reference in the confession deleted. (*People* v. *Buckminster, supra.*) While the court may, as was done in this case, instruct the jury that such confession is admissible only as against the defendant making it and is not binding on the co-defendant implicated thereby, it is practically impossible for the average juror

to divest his mind of such testimony. These errors were prejudicial and require a re-trial of the cause.

Plaintiff in error complains of the refusal of one instruction, but as it was in substance given in other instructions no attention need be given to that complaint.

For the errors considered the judgment is reversed and the cause is remanded. *Reversed and remanded.*