(No. 30188.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALLACE BERRY, Plaintiff in Error.

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

18

WALLACE BERRY, *pro se*.

GEORGE F. BARRETT, Attorney General, of Springfield, (LAN HANEY, State's Attorney, of Marion, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Williamson County. Plaintiff in error, on a trial by jury, was found guilty of armed robbery. He appears here *pro se,* and presents no bill of exceptions but only the common-law record.

The record shows that plaintiff in error was indicted with Charles Grissom on three counts, all charging armed robbery. The indictment was returned on February 11, 1946, and he was arraigned on March 21, 1946, pleading "not guilty." On the date of his arraignment, H. E. Skin-

ner was appointed by the court as attorney for plaintiff in error. The trial commenced on April 30, 1946, and the verdict of guilty was rendered by the jury on May 2, 1946. The case was continued to May 18, 1946, at which time plaintiff in error filed a motion for new trial. The case was again continued, and the arguments on the motion heard on May 27, 1946, the court on that date overruling the motion for new trial and also a motion in arrest of judgment. The court thereupon sentenced plaintiff in error to the penitentiary for a term of ten to twenty years. Plaintiff in error attempts in his brief to state the facts in the case, but much of that statement is unsupported by the record here presented and cannot be considered by this court.

The first contention of plaintiff in error is that the record contains no placita, no list of grand jurors, and no order showing the organization of the grand jury by the court. This is not entirely in accord with the facts. The record before us has a placita for both the February and May terms, and the indictment recites that the grand jurors "chosen, selected and sworn in and for the County of Williamson" have found a true bill against plaintiff in error. The indictment appears to be endorsed by the foreman of the grand jury. This is sufficient to show compliance with the statute. *Williams* v. *People,* 54 Ill. 422.

It is also contended that the indictment is defective, in that it fails to charge a crime, does not aver ownership of the property in Maynard Johns, and charges Grissom, the codefendant, with a different crime from that of plaintiff in error. The indictment is not faulty. Plaintiff in error's objection really is, as his argument demonstrates, that he does not think the evidence, or at least his version of the evidence, proved the crime charged in the indictment. The evidence is not before us, however, and we cannot reverse the conviction on the mere statement of plaintiff in error as to what the evidence showed. The same answer must

be given to plaintiff in error's contention that the money on the table in a poker game is not the property of any one player, and therefore cannot be stolen from a given individual. This court will not here attempt to define the ownership of the stakes in an uncompleted game of poker, but if it could resolve that problem, it would do so only on the basis of the evidence, and no evidence is here presented for review. Plaintiff in error, however, in his brief admits that some of the money was taken from Maynard Johns.

It is next contended by plaintiff in error that he should have been granted a separate trial, because Grissom, the codefendant, by his confession, implicated plaintiff in error. The so-called "confession" was Grissom's testimony at the trial. In plaintiff in error's motion for new trial it is stated that he was entitled to a separate trial because of his codefendant's inconsistent defense, but "it was not possible for counsel to ascertain such difference, inconsistency and antagonism until the evidence was brought out at the trial." This is a clear indication that no motion for separate trial was made until after the verdict. A motion for separate trial must be made before the jury is sworn. (*People* v. *Fox,* 319 Ill. 606; *People* v. *Anderson,* 239 Ill. 168.) Even where the motion is made in time, it is a matter of discretion in the trial court to grant it. *People* v. *Nusbaum,* 326 Ill. 518.

Plaintiff in error argues that Maynard Johns, the prosecuting witness, was guilty of a violation of the law because he was playing poker, and that therefore the conviction cannot stand. To state this argument is to answer it. The sole question here is, was plaintiff in error guilty of robbery with a gun? The fact that his victim may have been violating some other law is no defense. The gist of the offense of robbery, under our statute, is the force or intimidation employed in taking from the person or presence ·of another, against his will, property belonging to him or in his care, custody or control. (*People* v. *Kubish,* 357

Ill. 531.) Plaintiff in error is not relieved of criminal liability for his acts because the force and intimidation was exerted against a person who was himself guilty of crime.

It is also contended by plaintiff in error that he was not represented by competent counsel. Competency of counsel cannot be determined without a bill of exceptions. (*People* v. *Bertrand,* 385 Ill. 289.) Plaintiff in error ingeniously argues that if he had been given competent counsel his counsel would have seen that there was a proper bill of exceptions, and that its absence is therefore proof of his counsel's incompetency. This does not change matters as far as this court is concerned. We must decide each case on the record that is before us. If there is no record at all of the actions of the defense counsel, we cannot presume that he was incompetent. In this connection, it is noted that one of the grounds stated in the motion for new trial, which motion was signed by defense counsel, is as follows: "Counsel for defendant was appointed by the trial court as also was the counsel for the other defendant, Grissom, and has not received any fee or remuneration for his services, but has been promised and expects to receive some measure of remuneration if defendant is given a new trial and defendant has more time to enlist the aid of his friends and acquaintances in his defense, having heretofore been entirely confident of his acquittal at trial." Insofar as this statement indicates that the appointed counsel lessened his efforts in plaintiff in error's behalf because it was a gratuitous undertaking, he is subject to censure. Having been appointed, it was his duty as an officer of the court to represent plaintiff in error to the limit of his ability. We do not, however, find it ground for reversal of the case, in the absence of any other evidence of incompetency.

Plaintiff in error insists that the judgment should be reversed because his counsel was not present when the verdict of the jury was returned. The record indicates

that counsel's absence was consented to by plaintiff in error. He also argues that the verdict of the jury was not unanimous, and that it was a compromise verdict, whereby his conviction was traded by some of the jurors for Grissom's acquittal. He contends that the presence of his counsel when the verdict was returned would have protected him against such an injustice. But once again we must answer that the record before us contains nothing to substantiate, even remotely, the truth of the charges made in plaintiff in error's brief. A similar answer must be given to his contention that the State's Attorney was guilty of prejudicial error in his remarks to the jury.

It is finally contended by plaintiff in error that the only evidence against him was the testimony of men who were themselves violating the law by playing poker, and that their testimony was purchased by the State's Attorney by a promise of immunity. There is absolutely nothing in the record to warrant the last conclusion. As for the fact that the witnesses were lawbreakers, that fact may have some bearing on the weight of their testimony, but it does not, of itself, irrevocably impeach them. *People* v. *Baskin,* 254 Ill. 509; *People* v. *McCann,* 247 Ill. 130.

The judgment of the trial court is affirmed.

*Judgment affirmed.*