(No. 31271.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH BINDRIN, Plaintiff in Error.

*Opinion filed November 22, 1949—Rehearing denied Jan. 17, 1950.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, PETER G. KUH, RUDOLPH L. JANEGA, EDWARD J. HEALY, and LEO F. POCH, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Ralph Bindrin, was convicted in the criminal court of Cook County of the crime of burglary, under an indictment containing averments that he was an habitual criminal, and was sentenced to the Illinois State Penitentiary for the maximum term provided by law. A reversal of this judgment is sought by way of writ of error to this court.

Errors relied upon for reversal are (1) that the trial court erred in refusing to quash the counts in the indictment based upon the Habitual Criminal Act, (2) that the verdict is contrary to the law and the evidence, (3) that the court failed to advise the accused that he had a right to counsel of his own choosing, and erroneously appointed

the public defender to represent the accused over his objection, (4) erroneous instructions were given to the jury, (5) the conduct of the State's Attorney deprived the defendant of a fair and impartial trial, and (6) the court erred in not ordering a separate trial for the accused.

The indictment charged the plaintiff in error with the offense of burglary and contained averments that plaintiff in error had been previously indicted by the grand jury of Cook County for the offense of larceny of an automobile, that he was convicted on said charge and was· sentenced to the Illinois State Penitentiary.

A motion to quash the indictment was made on the ground that the indictment did not allege that the prior conviction and sentence of plaintiff in error had been followed by actual imprisonment in the penitentiary. No error was committed in overruling this motion. The presumption is that the officers of the court carried out the sentence and delivered plaintiff in error to the penitentiary. If plaintiff in error was not actually incarcerated in the penitentiary the burden would be on him to establish that fact. (*People* v. *Del Veawgo,* 399 Ill. 243.) The stipulation of facts entered into concerning the prior conviction states that on March 7, 1941, the same Ralph Bindrin was sentenced to the Illinois State Penitentiary at Joliet. While plaintiff in error testified that he had been in the reformatory at Pontiac, his testimony does not negative the possibility that he had also been imprisoned in the penitentiary in compliance with the sentence shown in the record. Another defendant, Meier, testified that he first became acquainted with plaintiff in error in the penitentiary.

Plaintiff in error contends that the court erred in failing to advise him that he had a right to counsel of his own choosing, and further erred in appointing the public defender to represent him over his objection. The act creating the office of public defender provides that among the duties of such officer is that of defending all persons

charged with crime who the court finds are unable to employ counsel, with the proviso that the court, with the consent of the defendant, may appoint counsel, other than the public defender, and shall so appoint other counsel if the defendant demands it. Ill. Rev. Stat. 1945, chap. 34, par. 163f.

Plaintiff in error was arrested at the scene of the crime on March 16, 1947. He was indicted on May 26, and arraigned on May 29, of the same year, at which time the court appointed the public defender to represent him and entered a plea of not guilty. When the cause was called for trial, on June 9, 1947, the public defender advised the court that plaintiff in error did not want his office to represent him. The defendant thereupon told the court that he wanted to defend himself and that he did not want any lawyer. The court nevertheless assigned the public defender to assist and advise him. Under this arrangement the plea of not guilty was set aside and a motion was made to quash the indictment. The motion was argued at great length by the public defender. After the motion was denied the cause was called for trial and the public defender again advised the court that plaintiff in error did not desire his office to defend him but insisted on acting in his own proper person. Upon further questioning by the court, plaintiff in error advised the court that there previously had been a little misunderstanding with the public defender but that he had no further objection to the public defender representing him. The cause then proceeded to trial with one member of the public defender's staff assigned to defend plaintiff in error. Two other members of the public defender's staff represented the defendants Meier and Puzinski, respectively, who were being tried at the same time.

There is no showing that plaintiff in error was denied representation by counsel of his own choosing, or that he requested other counsel. In the absence of a request for

counsel accompanied by a statement under oath by the accused of his inability to procure counsel, there is no duty upon the court to provide legal assistance. (*People* v. *Bute,* 396 Ill. 588.) It appears that whatever objection plaintiff in error might have previously had to the appointment of the public defender had been removed and that plaintiff in error not only did not object further but agreed with the court that he should have such assistance. Under these circumstances, the appointment of the public defender to assist in the defense of plaintiff in error did not constitute error. (*People* v. *Staryak,* 396 Ill. 573; *People* v. *Montville,* 393 Ill. 590.

Complaint is made that error was committed in the giving of two instructions. An examination of the abstract of the record reveals that a written motion for a new trial was filed in which the grounds upon which the motion was based were set out in writing. Error in the giving of instructions was not enumerated as one of the grounds for a new trial. Where the grounds for a motion for new trial are stated in writing, the party is limited to the errors alleged in the written motion and all other errors are deemed to have been waived. This court is foreclosed from reviewing errors assigned on the giving of instructions. (*People* v. *Hatcher,* 334 Ill. 526.) The contention of plaintiff in error that the court erred in not granting him a separate trial is also subject to the same rule. The motion for new trial did not enumerate, as one of its grounds, the failure of the court to grant a separate trial. Examination of the abstract of record fails to reveal that any motion for separate trial was presented in the trial court. In order to be available to the defendant, a motion for separate trial must be made in apt time. *People* v. *Berry,* 399 Ill. 17.

Finally, it is urged that the judgment is contrary to the law and the evidence, and that the conduct of the State's Attorney deprived the plaintiff in error of a fair and im-

partial trial. The undisputed evidence is that plaintiff in error was arrested with two companions on the premises where the crime of burglary was then in the process of being committed. In his possession, according to one of the officers, were a watch and ring which were part of the proceeds of the burglary. Plaintiff in error stated that he was in a drunken condition, lying in the back seat of his car, when the defendant Meier stopped the car and entered the apartment house. This is corroborated by both codefendants. However, the testimony of the officers, as well as plaintiff's in error detailed recollection of his activities at and just prior to his arrest on the burglarized premises, indicate that his condition did not approximate that degree of drunkenness which would absolve one from responsibility for his criminal acts. Evidently the jury did not choose to believe the explanation of plaintiff in error and his two codefendants.

The defendant Meier undertook in his testimony to assume full responsibility for the burglary and to absolve his companions from any connection with the crime. He was closely cross-examined by the State's Attorney but not to the extent that reversible error was committed. Where conflicting evidence arises, it is the province of the jury to determine the credibility of witnesses and the weight to be given to their testimony, and in such function this court will not substitute its judgment for that of the jury. *People* v. *Sheppard,* 402 Ill. 347.

There being no error in the record requiring a reversal of the judgment, it is affirmed.

*Judgment affirmed.*