(No. 35964

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SYLVESTER HICKS, Plaintiff in Error.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

HOWARD T. SAVAGE, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Sylvester Hicks waived a trial by jury, was tried and found guilty of the crime of burglary in the criminal court of Cook County. He brings a writ of error to this court contending the evidence is insufficient to prove that a burglary was committed or to identify him as the burglar.

About 7:30 P.M. on November 15, 1959, witness John McNamara, who knew that the prosecuting witness Mrs,

DeHamer was not home, was advised by telephone that someone was in her apartment. He went over to her backyard where he observed the lights being turned on and off in various rooms of her residence. A man wearing a gray suburban coat and light gray hat came out of the back door, jumped over the bannister and hid under the back porch. McNamara approached close enough to shine the light of his flashlight into the man's face but withdrew to the rear of the backyard when the man threatened to shoot him.

In the meantime police officer Johnson, who was patrolling the area in a squad car, heard a radio broadcast of the burglary. He drove to the DeHamer apartment and when he walked around the south side of the house a man ran from under the porch, jumped through the broken back fence and ran down the alley. Both McNamara and Johnson were within 25 to 30 feet of him as he made his escape and Johnson fired his gun at the intruder before giving chase in the squad car. At approximately 7:40 officer Harper also responded to the radio broadcast. He saw the defendant, who was wearing a short gray coat and gray hat, running down the street about six blocks from the DeHamer residence and stopped and arrested him. Within a few minutes officer Johnson arrived in pursuit of the man seen running from the rear of the DeHamer apartment. When Mrs. DeHamer returned at 8:15 P.M. she found that although nothing was missing, her apartment had been ransacked by someone who had gained entrance by breaking the glass in the back door.

At the trial McNamara identified the defendant as the man he saw emerge from the DeHamer apartment and officer Johnson identified the defendant as the man he pursued from the back yard. In addition, officers Johnson and Harper testified that when arrested the defendant had a screwdriver in his possession and admitted that he was the man they were looking for.

The defendant was the only witness for the defense.

He denied committing the burglary and testified that he was returning to his home when his automobile had a flat tire in the neighborhood of the DeHamer residence. While changing the tire, which was the reason given for having the screwdriver in his possession when arrested, he stated that a police officer came up to arrest him. He said that the officer became insulting and abusive, that several people gathered around in a threatening manner and that he became frightened and ran away. He denied admitting he was the burglar and explained that when arrested his statements were to the effect that he was glad to see a friend of his among the arresting officers.

Defendant argues that the police improperly suggested the identity of the defendant to the witness McNamara by first telling him they had caught the burglar, that the man's name was Sylvester Hicks, and then requiring the defendant to state his name during the police show-up before being identified by McNamara. This did not render the identification testimony incompetent and goes to the weight rather than its admissibility or competency. (*People* v. *Tunstall,* 17 Ill.2d 160; *People* v. *Horodecki,* 15 Ill.2d 130.) A positive identification by one credible witness is sufficient to convict, even though his testimony is contradicted by the accused. (*People* v. *Urbana,* 18 Ill.2d 81.) Considering the opportunity both McNamara and Johnson had to observe the man's appearance, size and clothing, all of which were corroborated when he was arrested a few minutes after the burglary was committed, we think the defendant was properly identified. There is no merit in defendant's contention that the evidence was insufficient to prove that a burglary was committed. It was stipulated that Mrs. DeHamer, if called, would testify that she secured all doors and windows when she left about 4:30 that afternoon, and that when she returned a pane of glass was broken in the kitchen door and her bedroom had been "ransacked," although she found nothing missing. A burglary

may be established by circumstantial as well as direct evidence, (*People* v. *Russell,* 17 Ill.2d 328,) and the evidence presented in this record is so strong as to leave no doubt that a burglary was in fact committed.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*