(No. 36823.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD MERCADO, Plaintiff in Error.

*Opinion filed November 30, 1962.*

RICHARD B. HANSEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Richard Mercado, was indicted with William B. Pruszewski and Lawrence Nunez, for the crime of burglary. Pruszewski and Nunez pleaded guilty. Defendant pleaded not guilty and waived trial by jury. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a term of not less than one year nor more than three years. His sole contention on this writ of error is that the evidence was insufficient to sustain the finding of guilt.

Two police officers testified for the People that they observed three men leaving a garage in an alley behind 6138 South Winchester Avenue, in Chicago, at 2 o'clock A.M. on September 16, 1960. The three men entered a car parked in the alley. The officers, who were approaching in a squad car, with the headlights off, pulled up behind the parked car, turned on the headlights, and apprehended the three men. All three men got out of the car, and each of them, including the defendant, told the officers that they had gone into the garage to urinate. The police discovered

in the parked car several items subsequently identified by the garage owner as property stolen from the garage.

Pruszewski and Nunez testified in behalf of the defendant. Their testimony was to the effect that they and the defendant had been drinking in a tavern from 9 o'clock P.M. until 2 o'clock A.M. and that, at the time of the commission of the crime defendant was drunk and asleep on the rear seat of the car. Pruszewski and Nunez admitted that the two of them had entered the garage, removed the articles and put them in the car, but testified that the defendant had not left the car and had not known what they had done.

The defendant testified in his own behalf that he had been drinking with Pruszewski and Nunez from 9 o'clock P.M. until 1:30 o'clock A.M., when he left the tavern and got into the rear seat of the car. His two companions came out 20 minutes later and Pruszewski drove. The next thing he remembered he was awakening and heard someone say, "The police are coming." He denied having entered the garage or taking anything from the garage.

The testimony on behalf of the People, if believed by the trial judge, was clearly sufficient to sustain the finding of guilt. Thus, the real issue is not the sufficiency of the evidence, but the credibility of the witnesses. We have repeatedly held that when a case is tried without a jury, it is primarily for the trial judge, who saw and heard the witnesses, to determine the credibility of the witnesses and the weight to be accorded their testimony, and that this court will not set aside a conviction which depends on such matters unless it is necessary to prevent apparent injustice. *People v. Carr,* 22 Ill.2d 619; *People v. Lucky,* 21 Ill.2d 501.

Defendant contends that the testimony of the police officers to the effect that they saw three men, rather than two, leaving the garage is unworthy of belief because of the fact that it was dark and the squad car lights were turned off at the time. The testimony of both officers at this point was, however, positive and unshaken on cross-examination. The

People's testimony was neither inherently improbable nor incredible and the trial judge was not obliged to reject the testimony of the two police officers and accept defendant's version of the occurrence. Neither does the fact that defendant's companions undertook to assume full responsibility for the burglary and to absolve him from any complicity in the crime compel the trial judge to believe their testimony and reject that of the police officers. *People* v. *Bindrin*, 404 Ill. 532, 537.

Defendant also points to a discrepancy in the testimony of the two police officers and argues that this discredits their entire testimony. One of the police officers, Wagner, testified that when the three men were apprehended by the officers, Mercado was in the driver's seat, and Pruszewski was in the rear seat. The other officer, Harrington, testified that Mercado was in the back seat, Pruszewski was at the wheel, and Nunez was in front with him. A reading of the record suggests that officer Wagner may have had the names of the men confused, since he also indicated that Pruszewski was the owner of the car, whereas it is undisputed that the car belonged to Mercado. Thus the discrepancy in the testimony of the two officers may be more apparent than real. It is unnecessary, however, for us to speculate on this matter, since, in any event, this discrepancy did not require the trial court to reject *in toto* the testimony of both officers. There is obviously no logical basis for asserting that, simply because one officer was mistaken about one matter, both officers must be mistaken about another matter. The trial judge was fully warranted in believing the testimony of the two officers that they saw three men leave the garage and run to the car, and, if this testimony is believed, the inference as to defendant's guilt is inescapable.

Defendant's argument suggests that the evidence is insufficient because there was no direct testimony that the defendant personally carried any of the stolen property

from the garage to the car. Both police officers testified that they saw three men come out of the garage and go to the car. One of the officers testified that he could not see whether or not the men were carrying anything in their hands. The other testified that the men were carrying objects. The defendant's contention is not well taken. Insofar as the burglary charge is concerned, proof of the carrying away of the property is immaterial except insofar as it is evidence of the intention with which the three men entered the garage. In any event, the evidence is conclusive that one or more of the three men took the property from the garage and carried it to the car, and the People's evidence is sufficient to compel the inference that the three men were acting in concert. Under these circumstances, the question of whether the evidence definitely established that defendant personally carried anything from the garage to the car is immaterial.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*