**The People of the State of Illinois, Plaintiff-Appellee, v. James C. Bernard, Junior, Otherwise Called George Bernard, Defendant-Appellant.**

Gen. No. 50,548.

First District, First Division.

November 9, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, James C. Bernard, Junior, otherwise called George Bernard, was indicted under indictments No. 64–2217 and No. 64–2218, both charging armed robbery. By agreement the two indictments were consolidated for trial and a jury waived by defendant. Upon a finding of guilty under both indictments the trial judge imposed concurrent sentences of four to ten year terms in the penitentiary.

It is contended that the identifications of the defendant by witnesses were insufficient to support the convictions beyond a reasonable doubt, particularly when the defense was an alibi that he was not at the involved premises, but was at the house of a friend at the time.

In indictment No. 64–2217, Miss Van Ester Colbert testified that several minutes after 5:00 p. m. on June 22, 1964, while she was working for Flare Cleaners at 505 East 47th Street, the defendant entered the premises while she was waiting on a customer. She knew him from seeing him at church and at social parties at her home. and when she said, "Hello Bernard," he did not answer. She also stated that she was wearing an ash-blond wig which the defendant had never seen her wear. After the customer left she said the defendant pulled out a black handle knife, held it on her wrist, and told her to open the cash register, which she did. He ordered her and another employee, Norma Jean Young, to the back room and as they walked there he took approximately $47 from the cash register and left. She gave the police a description of the defendant, but did not tell them his name or address. The next morning she told a police detective she knew the defendant by the name "Bernard" and that he attended her church. When she saw him five days later walking across the street from her house she notified a police officer who was at her home and the defendant was arrested.

Norma Jean Young, a high school student who was working part-time, testified that she saw a man whisper to Miss Colbert, who appeared open-mouthed and shocked. She said she heard the man say to her, "Go over there and open up the cash register," while holding something on her hand or wrist. She saw him empty the cash register after it was opened. She testified further that she observed his face for around thirty seconds and noticed a long scar extending down to his neck. She

described his clothing at the time as being a black suit, white shirt, black tie and white straw hat which she said he was wearing when she identified him in a lineup several days later. Previous to this she identified him from pictures shown to her by the police.

In indictment No. 64–2218, Mrs. Johnnie Mae Haymer testified that on June 22, 1964, she was employed by the Checker Cleaners at 231 East 47th Street, and at about ten minutes to 5:00 p. m. a man came in the store and holding a black handle knife in his hand, announced, "This is a stickup." She described his clothes to be substantially the same as described by Miss Colbert and Miss Young in their robbery experience. When she was getting the money out of the cash register, as ordered, she asked him whether he wanted the pennies and he said no. She related that the lighting conditions were good and she was able to observe his face during the three minutes he was there. She identified him in a lineup several days later and also testified that he was wearing the same clothes then as he did when he held up the store.

When the two cases were called for trial the defendant's private counsel had agreed to consolidate them, and later stated to the court the reason was that "in his mind the defendant was either guilty of both charges or of none." Mrs. Evelyn Moore, a lifelong friend of the defendant's, Mrs. Arletha Harris, Miss Winnetta Bernard, a daughter of defendant, and the defendant, were called as witnesses for the defense. Mrs. Moore who resided at 6406 South St. Lawrence Avenue, testified that on June 22nd, the defendant visited with her at her home from 10:30 a. m. to 4:45 p. m., and did not have an automobile. She said they were not related and she had not seen him in 14 years before then. Mrs. Harris is a widow and resides at 6616 South Kimbark. She testified she had known the defendant for four years and that the defendant was at her home on June 22nd, from 5:00 p. m. to about 9:00

p. m. He was wearing a black suit and white shirt. She had been taking care of Winnetta Bernard, the defendant's daughter, who was present during defendant's visit. Winnetta Bernard testified that she lived across the hall of Mrs. Harris and that she was visiting with Mrs. Harris at 5:00 p. m. on June 22nd, and she remembered the time because that is the time she and Mrs. Harris have dinner together. She said her father ate with them and was there over four hours.

The defendant testified that on the day in question he visited with Mrs. Moore from 10:00 a. m. to 4:30 p. m., and walked to the apartment of Mrs. Harris and visited with her and his daughter from about 5:15 p. m. to 9:00 p. m. He denied the charges of robbery or of being in either of the stores. He said he knew Miss Colbert from seeing her in church, or in the neighborhood, and at a party at her home. It was stipulated that the defendant had four prior convictions of robbery.

The defendant contends that where the issue is the identification of the accused, it is the duty of this court to reverse a conviction when the evidence shows that the witnesses did not have ample opportunity to observe the accused. People v. Cullotta, 32 Ill2d 502, 207 NE2d 444. He argues that in the robbery at Checker Cleaners, Mrs. Haymer did not have ample opportunity to observe the assailant. He states that her observation "was a casual glance made in passing" which lasted only 3 or 4 seconds while she was preoccupied with her work. The record shows that Mrs. Haymer when asked on cross-examination how long she actually observed the assailant, answered, "When he walked in, as the door opened I looked up as I always do when customers walk in, and I looked him straight in the face, you know, and I'd say it was about three or four minutes, really." When questioned further as to "how long she looked in the face"

she said, "I guess about three or four seconds, something like that." Mrs. Haymer viewed the defendant while all the lights were on in the store, and when she picked him out of a lineup he was wearing the same clothes she described as being his apparel on the day of the robbery.

As to the robbery at Flare Cleaners, the defendant argues that Miss Young did not have ample opportunity to observe the assailant during the 30 seconds she saw him, as she could not describe the man's height, weight or color of his eyes or if he had a mustache. Miss Young testified she observed his face and noticed a large scar extending down to the neck. She identified him from pictures shown to her. Her description of the clothes he wore at the time of the robbery was substantially the same as Mrs. Haymer's description in the Checker Cleaner robbery and when she picked him out of the lineup she said he was wearing the same apparel. The defendant further argues that the conviction under this indictment must stand or fall on the strength of Miss Colbert who knew the defendant and did not tell the police his name or address on the day of the robbery. Her only explanation for failing to inform the police is that no one asked her. The record shows that she did describe the defendant to the police the evening of the robbery; that the next morning she told a police detective she had seen the defendant before and the name she knew him by; and that four days later she saw him near her home and caused his arrest. In People v. Roe, 63 Ill App2d 452, 211 NE2d 552, the conviction was reversed because the identification was predicated upon the testimony of a single witness who personally knowing the defendant did not give a description to the police. In each of the indictments at bar, the identification testimony by Miss Young and Mrs. Haymer was clear and positive and both gave a descrip-

tion to the police. A positive identification by only one credible witness is sufficient to convict, even though her testimony is contradicted by the accused. People v. Hicks, 22 Ill2d 364, 176 NE2d 810.

The credibility of the witnesses and the weight to be accorded to their testimony is primarily a function of the trier of the facts. People v. Mercado, 26 Ill2d 244, 186 NE2d 256. It was the responsibility of the trial judge to determine the credibility of the witnesses whom he heard and saw. The fact is that the trial judge believed the identification testimony offered in both cases rather than the alibi evidence. A reviewing court will not substitute its opinion as to the credibility of the evidence and the weight to be given to it unless the proof is so unsatisfactory as to justify a reasonable doubt as to guilt. People v. Boney, 28 Ill2d 505, 192 NE2d 920. We find there is ample evidence for his decision.

The judgment in each indictment is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.