THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH JEFFRIES, Defendant-Appellant.

Third District No. 75-130

Opinion filed February 20, 1976.

John L. Barton, of Marseilles, for appellant.

Frank Yackley, State's Attorney, of Ottawa, (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of La Salle County, after jury trial, finding defendant Joseph Jeffries guilty of theft and unlawful use of weapons. He received a sentence of imprisonment of not less than 3 years nor more than 9 years on the theft charge and a concurrent sentence of 364 days on the weapon charge. Although several issues are raised, due to the view we take of this case the only one we need deal with on this appeal is whether the trial court properly exercised its discretion in denying defendant's motion to sever the gun charge and theft charge.

On November 12, 1974, a two-count indictment was returned charg-

ing defendant with one count of theft of an outboard motor and one count of carrying a pistol concealed in a vehicle. The actual taking of the outboard motor occurred sometime between May 15, 1974, and May 24, 1974. The State's theory, as evidenced by its instructions (error is assigned regarding these instructions), appears to be that defendant was guilty of theft by being in possession of the outboard motor on May 30, 1974. The motor was found in the back of the pickup truck defendant was driving. The gun was found in the front of the truck at the same time. On November 19, 1974, the parties agreed to file all pretrial motions prior to December 11, 1974. On January 8, 1975, the trial court put the case over for trial to January 13, 1975 and ordered all routine matters to be raised by that date. On January 15, 1975, on defendant's motion, the case was continued to January 20, 1975. On January 17, 1975, defendant moved to sever the charges. On January 20 the case was called for trial and defendant's motion was denied both on the merits of the motion itself and on the basis of the court's prior rulings regarding the hearing of motions.

■■ The State argues the defendant's motion to sever was neither timely nor meritorious and the court's denial of it was a proper exercise of its discretion. Although defendant's motion should as a matter of good practice have been made earlier, the State cites no authority either statutory or judicial to support its conclusion defendant's motion was not timely. Defendant cites two cases, *People v. Bolton*, 339 Ill. 225, 171 N.E. 152, and *People v. Berry*, 399 Ill. 17, 76 N.E.2d 443, for the proposition a motion for severance is timely if filed before the jury is sworn. We note these cases involved motions for separate trials of codefendants rather than motions for severance of separate charges. However, as noted above, there is no authority to support a holding here defendant's motion was too late as a matter of law. In fact, there is no evidence the trial could not have proceeded as scheduled. Accordingly, we hold defendant's motion for severance was not too late as a matter of law and will now consider the motion on its merits.

■■ In *People v. Pullum*, 57 Ill. 2d 15, 18, 309 N.E.2d 565, the Illinois Supreme Court held it was reversible error for the trial court to deny defendant's motion to sever unrelated charges of possession of marijuana and armed robbery where "the only thread of continuity between the two offenses is that the defendant was in possession of marijuana and the 1970 Cadillac at the time of his arrest. The record does not indicate that the possession of marijuana at the time of the arrest for armed robbery was in any way connected with the armed robbery." In the instant case defendant was charged with two unrelated offenses of theft of an outboard motor and unlawful use of weapons. The only common

thread between these two offenses is that both the outboard motor and the weapon were found in defendant's truck on May 30, 1974. A review of the record shows defendant was in fact prejudiced by the joinder of these two unrelated charges by the prosecutor's comments including "Do you mean to tell me that a man can be caught red-handed with the stolen goods, and all of the paraphernalia of a sneak thief, including the weapon  *  *  *." We hold the trial court abused its discretion in denying defendant's motion to sever.

For the foregoing reasons the judgment of the circuit court of La Salle County is reversed and remanded for separate trials on each offense.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.