THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH L. BRICKER, Defendant-Appellant.

(No. 12238;

Fourth District—November 14, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Kai A. Wallis, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted on two counts of armed robbery. He was tried by a jury and was found guilty of Count I and acquitted on Count II. A judgment was entered on the verdict and defendant was sentenced to an indeterminate term of 5 to 10 years. Defendant appeals from the judgment of conviction and the sentence imposed.

Three issues are raised on appeal; however, we need only address two of those issues. First, defendant urges that his guilt was not established beyond a reasonable doubt; secondly, defendant contends that the trial court committed reversible error when denying his motions for a severance of the two counts of the indictment.

Count I of the indictment in question charged defendant with armed robbery of Wayne Wilkinson, the desk clerk at the Illinois House Hotel located in Bloomington, Illinois. The armed robbery occurred on July 14, 1972, around 3:30 A.M. Count II charged defendant with armed robbery of John Murphy, an attendant at the Interstate Skelly Service Station. The station is located south of Bloomington at routes 51 and 74. The incident also occurred on July 14, 1972, around 12:30 A.M. Defendant plead not guilty to both counts.

On October 31, 1972, prior to the trial, defendant offered an oral motion requiring the State to elect which count it intended to proceed on at trial. It was submitted that the two offenses charged in the two counts were distinct and independent crimes, and, that as a result, defense counsel had not had sufficient time to properly prepare for trial on both counts. The trial court denied the motion, observing that defense had ample time to prepare.

Thereafter, on November 1, 1972, defendant filed a written motion for severance of the two counts. The motion urged that defendant's case would be prejudiced due to the confusion which would result in the minds of the jurors when various witnesses testified concerning unrelated armed robberies in the same proceedings. Defense counsel expressed the fear that the jury would be in a position to compromise its verdicts. The State argued that the two counts of armed robbery represented two parts of what comprised an overall comprehensive transaction. The trial court denied the motion to sever.

On appeal, defendant submits that he was not proven guilty beyond a reasonable doubt on the grounds that testimony of Wayne Wilkinson was

insufficient to establish defendant's guilt, and that the initial identification of defendant by Wilkinson was the by-product of a suggestive one-man showup. The showup took place shortly after the offense occurred.

■■ We have reviewed the record dealing with defendant's motion to suppress the identification. We find that the trial court's ruling, refusing to suppress the identification, was proper under the totality of circumstances' test. (*Neil v. Biggers,* 409 U.S. 188, 34 L.Ed.2d 401, 93 S.Ct. 375.) Wilkinson's eyewitness testimony was admissible. Moreover, the fact that he was the only eyewitness to the crime charged in Count I does not mean that defendant's guilt was not established beyond a reasonable doubt. The positive identification of one witness is sufficient to support a conviction, and inconsequential omissions and inconsistencies in a description given to the police are elements for the jury to consider in determining the weight to be given testimony dealing with identification. (*People v. Guyton,* 53 Ill.2d 114, 290 N.E.2d 209.) The finding of guilt by the trier of fact will not be disturbed unless the evidence is so improbable as to leave a reasonable doubt of guilt. *People v. Curry,* 56 Ill.2d 162, 306 N.E.2d 292.

Next, defendant contends that the two separate acts of armed robbery did not constitute acts which were part of the same comprehensive transaction, and, accordingly, the joinder of the offenses was prejudicial to his case and improper under section 111—4(a) of the Code of Criminal Procedure. That provision states:

"Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction." Ill. Rev. Stat. 1971, ch. 38, ¶ 111—4(a).

■■ The critical question is whether the two or more acts are part of "the same comprehensive transaction." (*People v. Petitjean,* 7 Ill.App. 3d 231, 287 N.E.2d 137.) If they are not, then the trial court abused its discretion in not granting defendant's motion for severance. See Ill. Rev. Stat. 1971, ch. 38, ¶¶ 3—3(c), 114—8.

■■ It is axiomatic that a defendant may not be placed on trial, over his timely objection, on an indictment charging separate offenses when it appears these offenses are not part of one and the same transaction, but are "separate and distinct both in law and fact. [Citations.] A defendant cannot be forced to trial on disassociated felonies." *People v. Fleming,* 121 Ill.App.2d 97, 102, 257 N.E.2d 271, 273.

■■ In this case, the defendant was charged with the commission of two armed robberies. The first armed robbery occurred around 12:30

A.M. at a service station located south of Bloomington on Routes 51 and I-74 in McLean County. The second armed robbery occurred at approximately 3:30 A.M. at a hotel located in downtown Bloomington, several miles from the location of the first armed robbery. There is nothing in the record to establish that there was a concerted plan of action or scheme on the part of defendant that would link the two armed robberies. They are separate and independent felonious acts. Under the cited authority, the State should have tried defendant in separate proceedings for each offense.

■■ Likewise, defendant's motion for severance filed pursuant to section 114—8 of the Code of Criminal Procedure should have been granted by the trial court. Section 114—8 states:

> "If it appears that a defendant or the State is prejudiced by a joinder of related prosecutions or defendants in a single charge or by joinder of separate charges or defendants for trial the court may order separate trials, grant a severance of defendants, or provide any other relief as justice may require." (Ill. Rev. Stat. 1973, ch. 38, ¶ 114—8.)

Since the State improperly joined the two charges under section 111—4 (a), it is certain that the granting of a severance by the trial court would have been in the best interest of justice. The failure to do so deprived defendant of a fair trial.

Accordingly, the judgment of the circuit court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

TRAPP, P. J., and SIMKINS, J., concur.