THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS HUNT, Defendant-Appellant.

Fourth District   No. 12868

Opinion filed May 20, 1976.

Richard A. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial in the circuit court of Champaign County, the defendant, Thomas Hunt, was found guilty of the offenses of rape, deviate sexual assault and aggravated battery. Following a sentencing hearing, the defendant was sentenced to concurrent terms of imprisonment of 8 to 24 years for the rape charge, 8 to 24 years for the deviate sexual assault charge, and 3 to 9 years for the aggravated battery charge.

On June 28, 1973, the defendant, Thomas Hunt, was charged by indictment with one count of rape, four counts of deviate sexual assault, and one count of aggravated battery. Defendant denied all charges but after a jury trial he was found guilty thereof.

On the evening of April 28, 1973, Linda Lucas was walking home alone when the defendant approached her and asked her for directions to an address he was trying to find. Miss Lucas gave him directions, discovered he was proceeding in the wrong direction and told him so. Subsequently, she attempted to guide him to the address, discovered she was mistaken, apologized for misleading him and started to walk home. Mr. Hunt said that he would walk her home since she had tried to help him and they proceeded to her residence at 505 South Randolph Street. When they were about a block from the apartment, Miss Lucas said she could make it the rest of the way by herself. The defendant asked her for a glass of water, and accompanied her to her house.

They went to the back door, since Miss Lucas had no front door key, and she got a glass of water for the defendant, while he waited on the back porch. He returned the empty glass after drinking the water.

Beyond this point, the evidence is in conflict.

Miss Lucas testified that Mr. Hunt suddenly became aggressive, pressed a red pocket knife to her neck, hit her on the head, forced her to have intercourse with him and perform fellatio on him. Miss Lucas said he left shortly after the incident. She testified that she had no cuts or bruises prior to the incident, but afterwards discovered that she was cut on the neck and was bruised and scratched on the head and inner thighs.

Mr. Hunt testified that after drinking the water, he talked to Miss Lucas for approximately 15 minutes. Then Mr. Hunt said he asked her, "how about me and her making it." The defendant said that Miss Lucas expressed concern over possible pregnancy and that he reassured her that he would be careful. After this, Mr. Hunt said that Miss Lucas performed fellatio on him, and then had intercourse with him. He said he made no threats, used no force, and had no weapons with him. Then, he said that they each smoked a cigarette, and when he left shortly thereafter, they were on friendly terms. He noticed no cuts on Miss Lucas' face.

Subsequently, Miss Lucas discovered that her roommate Pat Corbett

and Miss Corbett's fiance, Dan, were in the apartment. She related the incident to them, and Dan called the hospital and notified the police.

On this appeal defendant contends; one, the count of the indictment charging aggravated battery is insufficient to state an offense and two, the offenses of aggravated battery and deviate sexual assault and rape are part of the same transaction not independently motivated and therefore the court erred in entertaining judgments of conviction for the lesser offenses namely aggravated battery and deviate sexual assault.

In the view we have taken of this case it is unnecessary to consider defendant's first assignment of error regarding the sufficiency of the count of the indictment charging aggravated battery.

■■ With respect to the offense of aggravated battery we believe *People v. Hood*, 59 Ill. 2d 315, 319 N.E.2d 802, supports the contention of the defendant and is controlling regarding his conviction for aggravated battery. In the *Hood* case which like the case at bar, included convictions of rape and aggravated assault the court observed, "The conduct which was the basis for the aggravated-assault charge was also the conduct which provided an element of force in the rape charge and, as such, it cannot be the basis for a separate offense." In the instant case the aggravated battery was the force element of the offenses of rape and deviate sexual assault and arose out of the same conduct constituting the offense of rape.

■■ However, with respect to the offense of deviate sexual assault, *People v. Scott*, 57 Ill. 2d 353, 312 N.E.2d 596, and *People v. Moore*, 51 Ill. 2d 79, 281 N.E.2d 294, declare that the offenses of rape and deviate sexual assault are separate independent offenses justifying separate convictions. Since these cases deal precisely with this issue and are contrary to defendant's position the separate convictions are proper. *People v. Lilly*, 56 Ill. 2d 493, 309 N.E.2d 1, and *People v. Wilcoxen*, 23 Ill. App. 3d 377, 319 N.E.2d 86, relied upon by the defendant, are not applicable since the offenses therein deemed to have arisen from the same conduct were rape and indecent liberties and the conduct constituting each offense was precisely the same.

For the foregoing reasons the convictions of the defendant in the circuit court of Champaign County for the offenses of rape and deviate sexual assault are affirmed. The conviction of the defendant for the offense of aggravated battery is reversed and the cause is remanded to the circuit court of Champaign County with directions that the conviction and sentence for this offense be vacated.

Judgment affirmed in part, reversed in part and remanded with directions.

ALLOY, P. J., and STENGEL, J., concur.