THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HERDIS SOCKWELL, JR., Defendant-Appellant.

Second District   No. 76-577

Opinion filed December 7, 1977.

Ralph Ruebner and Allen L. Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

An information was filed charging the defendant, in separate counts, with the offenses of burglary and forgery. The defendant moved for a severance of the two counts, contending that they could not properly be joined in the same information, since they arose out of different transactions. The trial court denied the defendant's motion and the defendant was found guilty after a jury trial and sentenced to concurrent terms of 2 to 6 years in the penitentiary. On appeal, the only issue is

whether the trial court erred in denying the defendant's motion for severance.

The relevant facts can be very briefly summarized: There was a break-in at the Capitol Tool and Die Works, Inc., in Rockford, Illinois, sometime during the night of March 19 or early morning of March 20, 1976. Company checks and a checkwriting machine were taken during the burglary. At approximately 2 p.m. on March 20, 1976, an unknown person cashed a Capitol Tool and Die Works' check at the Eagle Foods Store in Rockford. The man presented a driver's license issued to Mark Varalli as identification. When it was discovered that the man had failed to endorse the check, the assistant manager of the store phoned Varalli to request his endorsement and was informed that Varalli had not cashed the check at the store and that the driver's license in question had been stolen some two years earlier. The assistant manager then phoned Capitol Tool and Die Works, and was informed that the checks and checkwriter had been stolen the night before. Store personnel were then alerted not to accept any Capitol Tool and Die Works' checks.

Shortly thereafter, at approximately 3:50 that afternoon, an individual subsequently identified as the defendant attempted to pay for some groceries at the Eagle Foods Store with a Capitol Tool and Die Works' check, and tendered a driver's license issued to Mark Varalli as identification. Store personnel retained the check and driver's license, and called the police while the defendant fled from the area. The defendant was later apprehended.

■■ The governing statute is section 111—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a)), which provides that:

> "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction."

The granting or denial of a motion for severance is a matter largely within the sound discretion of the trial court. (See *People v. Daniels* (1976), 35 Ill. App. 3d 791, 796.) No precise test has emerged for determining whether separate offenses are part of the same "comprehensive transaction," although it has been stated that separate offenses may be charged in a single indictment or information where they are part of the same "general transaction, plan or scheme." *People v. Key* (1975), 28 Ill. App. 3d 637, 640.

A review of the cases on this point convinces us that each case turns largely upon the facts presented. The defendant has cited *People v. Fleming* (1970), 121 Ill. App. 2d 97, and *People v. Jeffries* (1976), 35 Ill.

App. 3d 991, wherein trial courts were held to have abused their discretion in refusing to grant the defendants' motions for severance. In *Fleming*, the defendant stole an automobile and then exchanged it for money and property some eight months later; he was subsequently charged with theft of the automobile, and theft by deception of money and property, in a single indictment. In *Jeffries*, the defendant was charged in a two-count indictment with the theft of an outboard motor, allegedly having occurred sometime between May 15 and May 24, and having a concealed pistol on May 30 of the same year; the only link between the concealed pistol and the outboard motor, was the fact that both were found in the defendant's truck on May 30. Thus, in both *Fleming* and *Jeffries*, there were no indications that the crimes charged were the part of a single transaction, plan or scheme, and it was therefore held improper to join the offenses in a single indictment. A counterpoint to these cases is that of *People v. Mowen* (1969), 109 Ill. App. 2d 62, *cert. denied* (1970), 397 U.S. 908, 25 L. Ed. 2d 89, 90 S. Ct. 905. In that case, the defendant ran a red light, struck two pedestrians (killing one), and continued at a high rate of speed until a pursuing police officer succeeded in stopping him. The defendant then produced a driver's license which he had borrowed for "an emergency." In an eight-count indictment, the defendant was charged with involuntary manslaughter, driving under the influence of intoxicating liquor, failing to exercise due care for a pedestrian, negligent driving, driving too fast for conditions, driving without a license, unlawful use of a license, and leaving the scene of an accident. On appeal, it was held that these diverse charges were properly joined in one indictment, since "* * * from the moment that the defendant ran through the red traffic light and struck the two women to the time he was stopped in his escape by the police officer and then produced a false driver's license, the defendant was engaged in the same comprehensive transaction." (109 Ill. App. 2d 62, 70.) Similarly, in *People v. Marbley* (1975), 34 Ill. App. 3d 434, the defendant robbed a gas station at gun point. Fifteen minutes later he was found riding in an automobile with a loaded gun. He was charged in a three-count indictment with armed robbery, unlawful use of weapons and unlawful use of weapons within five years of his release from a penitentiary. On appeal, it was held that the trial court did not abuse its discretion in denying the defendant's motion to sever the unlawful use of weapons counts, in spite of the fact that one of those counts served to inform the jury of his prior conviction, noting that the charges all arose out of the same comprehensive transaction, and that a severance of the charges "necessarily would result in a duplication of evidence." (34 Ill. App. 3d 434, 438.) Thus, appellate courts have sustained multicount indictments where there was a temporal and schematic relationship between the offenses charged, while striking

down others which were unsupported by a common transaction or plan.

■■ Turning to the facts in this case, it is evident that the trial court did not abuse its discretion when it denied the defendant's severance motion. The allegations of the information are clearly supportive of a finding that the offenses charged were a part of the same general transaction and unlawful scheme. While the offenses did not occur within as brief a time span as in *Mowen* or *Marbley*, the efforts to cash the Capitol Tool and Die Works' checks were made at what was relatively the earliest reasonable opportunity following the burglary, and there was no considerable lapse of time between the offenses charged, such as was present in the cases cited by the defendant. Although the two offenses in this case involved differing elements of proof, substantially the same evidence would have, of necessity, been presented by the State at a trial on each offense. Further, since checks and the checkwriting machine were the only items taken in the burglary, and the checks were worthless absent the act of forging a signature and cashing them, it was obviously reasonable for the trial court to infer that the two offenses were a part of the same criminal plan or scheme. The trial court did not err in holding that the offenses of burglary and forgery were part of the same comprehensive transaction and, thus, properly joined in a single information.

■■ Finally, even where a defendant is forced to trial on disassociated felonies charged in the same indictment or information, the judgment of the trial court will not be reversed where it is apparent that no prejudice resulted from the misjoinder. (See *People v. Hartnett* (1964), 49 Ill. App. 2d 357.) In this case, the sentences which the defendant received on the two charges were to be served concurrently, and the jury would in any event have heard the same evidence at a trial on either charge. It is therefore clear that the defendant was not prejudiced by having the two charges tried together.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.