THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN BONE, Defendant-Appellant.

Third District    No. 81-44

Opinion filed February 24, 1982.—Rehearing denied March 18, 1982.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Steven G. Bone, appeals from his convictions of intentional murder, felony murder and armed robbery following a jury trial in the circuit court of Peoria County. (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(2), 9—1(a)(3), 18—2.) He was sentenced to a 40-year term of imprisonment for murder and a concurrent 20-year term for armed robbery.

On appeal, the defendant contends that one of his two murder convictions must be vacated and his cause remanded for resentencing, because both offenses were carved from the same physical act. The defendant also asserts that a resentencing hearing is mandated, since the trial judge considered as factors in aggravation the fact that the defendant received compensation and the fact that the defendant's conduct caused or threatened serious harm.

Only a brief summary of the facts adduced at trial is necessary. On August 17, 1981, at 8:45 p.m., the defendant entered the Appollo gas station in Peoria, Illinois. There were two cash registers in the station. Standing at one of them was Terry Hall, the murder victim, and at the other was State's witness, Cheryl Gruss. Also present in the station were Thomas Turner, a cousin of Cheryl Gruss, and Raymond Dutlinger, a customer.

According to stipulations filed by Turner and Dutlinger and the testimony of Cheryl Gruss, the defendant approached Hall, who asked, "May I help you?" The defendant replied "Yes" and then shot Hall with a handgun. The defendant had both hands on his gun and his legs were spread as the gun discharged.

The defendant then demanded that Cheryl Gruss give him the money in the registers. She handed him the money from both registers and managed to push an alarm button at the same time. Before leaving the station, the defendant warned Miss Gruss that he knew what she looked like and would come back to get her if she told anyone about the robbery. (While awaiting trial, the defendant attempted to make good on this threat by soliciting a fellow inmate at the Peoria County jail to murder Cheryl

Gruss.) The defendant was apprehended by the police a short time after leaving the Appollo gas station.

The defendant, at the conclusion of his trial, was found guilty of two counts of murder and two counts of armed robbery. Judgments of conviction were entered by the trial court on both counts of murder, but on only one count of armed robbery. Although one murder conviction was based on an "intentional" murder theory (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(2)), and the other based on a felony-murder theory (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3)), they both arose from a single physical act— the killing of Terry Hall.

■■■ Clearly, one of defendant's murder convictions must be vacated, since a defendant cannot be convicted of more than one offense arising out of the same physical act. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Where multiple convictions have been entered erroneously, the less serious, or "included," offense(s) will be vacated. (See *People v. Whitaker* (1980), 87 Ill. App. 3d 563, 566, 410 N.E.2d 166, 171.) By definition, an "included" offense is one which is established by proof of a less culpable mental state than that which is required to establish the commission of another crime charged. Ill. Rev. Stat. 1979, ch. 38, par. 2—9(a).

In the instant case, the defendant's two murder convictions are equally serious class X offenses. Of the two, however, the more culpable mental state is that which is required for a conviction of "intentional" murder.

The relative culpability of the three classifications of murder in Illinois (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(1) through (a)(3)) is discussed in detail in the Committee Comments to this section of the Criminal Code of 1961. (Ill. Ann. Stat., ch. 38, par. 9—1, Committee Comments, at 12 *et seq.* (Smith-Hurd 1972).) The Committee there observes that "[s]ubsection (a)(1) is intended to define the two most culpable types of conduct." Subsection (a)(1) requires proof of a defendant's "actual intent" to kill or do great bodily harm. Subsection (a)(2), by comparison, requires proof that a defendant "know" that his acts create a "strong probability" of death or great bodily harm. The relative culpability of this latter classification lies between the "actual intent" offense (subsection (a)(1)) and felony murder, an "implied intent" offense (subsection (a)(3)). In fact, a felony-murder conviction may obtain in Illinois "whether the killing * * * is intentional or accidental, or is committed by a confederate without the connivance of the defendant." Analogizing to tort law, it may be said that the three murder classifications in Illinois are roughly comparable to intentional torts, negligence, and strict liability, respectively.

For purposes of felony (armed robbery) murder, there is no requirement that the State prove a mental state element for the underlying

offense. (*People v. Hawkins* (1973), 14 Ill. App. 3d 549, 302 N.E.2d 128.) Thus, no mental state element as such need be proved to obtain the felony-murder conviction. (See *People v. Gulliford* (1980), 86 Ill. App. 3d 237, 407 N.E.2d 1094.) The defendant is held strictly liable for felony-murder upon proof of the armed robbery. By contrast, the State is required to prove beyond a reasonable doubt that the defendant knew "that such acts create a strong probability of death or great bodily harm" (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(2)) in order to obtain a conviction under the second classification of murder as defined in Illinois. The presence of the mental state element in the latter classification renders more culpable a subsection (a)(2) offense than a subsection (a)(3) offense, for which no mental state element exists. In sum, it appears that, on the basis of criminal culpability, the defendant's felony (armed robbery) murder conviction herein is an "included" offense and his conviction therefor must be vacated. See *People v. Robinson* (1969), 106 Ill. App. 2d 78, 246 N.E.2d 15 (of defendant's two murder convictions under subsections (a)(1) and (a)(2), the appellate court vacated the (a)(2) conviction); *People v. Brownell* (1980), 79 Ill. 2d 508, 404 N.E.2d 181 (of defendant's two murder convictions under subsections (a)(1) and (a)(3), the trial court vacated the (a)(3) conviction).

■■ Because we are unable to discern to what extent the felony murder conviction may have influenced the trial court in arriving at its sentencing decision, if at all, we vacate the defendant's murder sentence and remand the cause for a new sentencing hearing. (*People v. Davis* (1981), 95 Ill. App. 3d 161, 419 N.E.2d 682; *People v. Smith* (1976), 44 Ill. App. 3d 663, 358 N.E.2d 736.) The State's argument that this cause need not be remanded for a resentencing hearing in light of the vacatur of one of the defendant's two murder convictions, because the trial judge imposed a single sentence of imprisonment on both convictions, cannot persuade. Great deference is accorded the trial judge in matters of sentencing, and we cannot say with certainty on the basis of the record before us that the trial judge would have imposed the same sentence (40 years) had he entered only one judgment of conviction for murder.

In *People v. Guppy* (1975), 30 Ill. App. 3d 489, 333 N.E.2d 576, this court ordered a remandment for resentencing even though the defendant received only a single sentence for all of his convictions, some of which were vacated on appeal. In remanding for a new sentencing hearing, this court stated:

> "We believe that where one sentence was imposed on all counts, and some of those counts were invalid, the cause should be remanded for a reconsideration of sentence by the trial court, even though 3 years' probation is not an inappropriate sentence on the 10 counts which were valid convictions. We therefore vacate the

sentence and remand with directions to hold a new hearing for resentencing the defendant." (30 Ill. App. 3d 489, 496, 333 N.E.2d 576, 581-82.)

The instant case likewise requires a remandment for resentencing following our vacatur of the defendant's felony-murder conviction.

■■ Furthermore, the record discloses that the trial court considered as a factor in aggravation the fact that the defendant received compensation. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(2).) This factor is implicit in the defendant's convictions for both armed robbery and felony (armed robbery) murder. As such, it may not, of course, be considered in determining the severity of sentence to be imposed for either of said offenses. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) Since we cannot determine how much weight the trial court gave to this factor in determining the defendant's sentence for armed robbery, we vacate the defendant's armed robbery sentence and remand this cause for resentencing as well.

■■ The defendant also contends that the trial judge improperly considered as a statutory factor in aggravation that his conduct caused or threatened serious harm. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(1).) The defendant argues that since the threat or causation of serious harm is implicit in both his murder convictions, the trial judge improperly considered this factor pursuant to *People v. Conover*. However, as this court stated in *People v. Hert* (1981), 95 Ill. App. 3d 871, 420 N.E.2d 813, the degree of harm is relevant in sentencing the defendant for a crime in which the threat or causation of serious harm is implicit. Thus, the degree of harm caused to the victim, Terry Hall, *i.e.*, his death, is a proper factor for consideration in sentencing the defendant for the armed robbery conviction.

The defendant relies on *People v. Allen* (1981), 97 Ill. App. 3d 38, 422 N.E.2d 254, in support of his contention that the trial judge improperly considered the fact that his conduct caused serious harm as an aggravating factor. The defendant's reliance upon *Allen* is misplaced. In *Allen*, the trial court found that the defendant's conduct in committing a burglary threatened harm to the defendant himself and possibly to police officers who interrupted the offense. The reviewing court held that the trial court had improperly considered the factor of a threat of harm, because the possibility of harm to the perpetrator of an offense and to the police officers who intervene is implicit in every burglary. This situation is clearly distinguishable from the case at bar, in which the trial judge considered the actual harm to the service station attendant during the course of the armed robbery and not the threat of harm to either the defendant or a police officer. Given the totally senseless act which the defendant's murder of Terry Hall constituted, we cannot say that the trial court erred

in considering the harm caused to the victim during the course of the armed robbery.

For the foregoing reasons, the defendant's felony-murder conviction is vacated, the remaining murder and armed robbery convictions are affirmed, the defendant's sentences for both murder and armed robbery are vacated, and this case is remanded to the circuit court of Peoria County for resentencing consistent with this opinion.

Judgments affirmed in part, vacated in part, and remanded for resentencing.

SCOTT, P. J., and HEIPLE, J., concur.