THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY LEE TATE, Defendant-Appellant.

Fourth District    No. 17174

Opinion filed May 27, 1982.—Supplemental opinion filed on denial of rehearing June 25, 1982.

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On December 3, 1980, defendant, Rickey Lee Tate, was charged in the circuit court of Vermilion County by a four-count amended information alleging he had committed the offenses of attempted rape, home invasion of the premises occupied by Janice M. Blaylock, home invasion of premises occupied by Irshell Rife, and aggravated battery. After a jury trial ending December 10, 1980, he was convicted of the latter two charges and sentenced to concurrent terms of 20 and 5 years' imprisonment, respectively. He was acquitted of the attempted rape charge, and the jury was unable to agree as to the charge of home invasion of the Blaylock premises.

On appeal defendant asserts: (1) The trial court abused its discretion in denying his motion to sever the charges upon which he was convicted from the other charges; (2) the court erred in entering judgment on the aggravated battery charge because any such battery and any home invasion of the Rife premises were "carved" from the same act; and (3) the sentences were excessive.

Section 111—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—4(a)) provides that two or more offenses

may be charged in the same indictment, information, or complaint if based on acts which "are part of the same comprehensive transaction." Section 114—8 of that Code (Ill. Rev. Stat. 1979, ch. 38, par. 114—8) sets forth that if a defendant is prejudiced by such a joinder "the court may order separate trials, grant a severance of defendants, or provide any other relief as justice may require." In *People v. Bricker* (1974), 23 Ill. App. 3d 394, 319 N.E.2d 255, denial of a defendant's motion to sever was held to be reversible error. The defendant had been required to defend, in a single trial, charges of having committed two robberies at times three hours apart and at places several miles from each other. The appellate court concluded the robberies each constituted separate transactions. The opinion did not state whether similarities existed as to the manner in which the robberies were carried out. On the other hand, in *People v. Mikel* (1979), 73 Ill. App. 3d 21, 391 N.E.2d 550, charges against the same defendant of two assaults and a murder were held to have been properly tried together despite a defense motion for severance. The first aggravated assault and the murder were shown to have occurred within minutes and just two blocks apart. The time and distance between the murder and the other assault was several more minutes and a few miles. The actions were shown to be part of a shooting spree in which the offender was motivated by racial hatred to harass persons of another race.

The offenses for which the defendant here was convicted occurred at the Rife residence in the 2500 block on East Main Street in Danville, in the early morning hours of August 16, 1980. Lettie Rife testified that after she and her husband had gone to bed and fallen asleep, she felt somebody's hand on her shoulder and a sharp object against her neck. She stated the man she saw before her told her to be quiet and moved his hand across her chest whereupon she heard a zipper being unzipped. She said she pushed the man away and switched on a light. She testified that her husband then arose and was stabbed by the assailant who then fled. The evidence showed that other persons were present in the residence at the time and were playing cards. The other two offenses were shown to have occurred about one hour earlier in a residence in the 200 block of North Bowman in Danville, but one mile from the Rife residence. The victim there testified to having been grabbed by an assailant at the bottom of stairs to her apartment. She testified she grappled with him until he hit her in the face, kicked her, and made her be quiet. She said the man possessed a knife and tore her slacks in the front. She described how the assailant fled when her young nephew appeared at the top of the stairs and screamed.

■■ When offenses are part of the same transaction, evidence that a defendant committed one of the offenses is probative as to his commission of the other. When the offenses are not so related, probative value may

not be present and there is danger that the jury may consider the evidence of the defendant's commission of one of the offenses as showing a propensity to have committed other offenses. In *Mikel* we stated:

"The law is clear that the decision on whether or not to sever is a matter within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. (*People v. Sockwell* (1977), 55 Ill. App. 3d 174, 371 N.E.2d 100.) Important factors to be considered in determining this question include the proximity of time and location of the various charges and the identity of evidence which would be presented to prove each charge." 73 Ill. App. 3d 21, 27, 391 N.E.2d 550, 555.

In the case on appeal, the two sets of offenses were closer in time and at places closer in distance than in *Bricker* but more remote in time than the offense in *Mikel* and more distant in place than the first two offenses in the latter case. Nevertheless, we consider the situation here to have analogy to *Mikel*. Witnesses at both the East Main Street and Bowman Street residences described the assailant as having worn a sleeveless red shirt and white trousers. In each case the assailant used a knife, attacked a female, ordered her to be quiet, and made sexual advances to her by attempting to remove her clothes. In each case the assailant had gained entrance by cutting through a door or window and, in each case, he fled when he met resistance.

■■ As defendant relied upon the defense of alibi, the similarities between the attire and method of operation of assailants at the two residences had probative value in negating that defense. As the series of offenses in *Mikel* was termed a spree of hate, those here gave evidence of being a spree of lust. At both residences the assailant attempted to undress the female victim. The circumstances under which he did this obviously afforded so little chance of success for him as to indicate an uncontrollable lust. The court had a preview of the trial evidence at the hearing on the motion to sever. It did not abuse its discretion in denying the motion.

■■ The question of the propriety of defendant being convicted of both aggravated battery and home invasion turns upon application of the rule set forth in *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844, where the supreme court stated:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses."

Where, as here, two offenses, by definition, in the manner charged, and by the proof, each contain elements not present in the other, neither offense can be an included offense of the other. (See Ill. Rev. Stat. 1979,

ch. 38, par. 2—9(a); *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341.) The aggravated battery involved here contained the element of the infliction of "great bodily harm" (Ill. Rev. Stat. 1979, ch. 38, par. 12—4) while the home invasion required only the infliction of "injury" (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)). Entry of a home was an element of the home invasion while no such entry was a required element of the aggravated battery. Clearly, neither offense was an included offense of the other.

Whether both offenses were "carved" from the same act presents a somewhat more complicated question. The aggravated battery arose from the knifing of Irshell Rife, husband of Lettie Rife. Under the allegations of the information and the evidence, the wound he received thereby was the bodily harm received in the aggravated battery and the injury received in the home invasion. The evidence indicated the knifing was a single act. However, the entry by the assailant in the Rife home was a separate act which was an important and required part only of the home invasion offense. In contending that, nevertheless, both offenses were carved from the same act, defendant cites *People v. Myers* (1981), 85 Ill. 2d 281, 422 N.E.2d 620 (rehearing denied October 1981), and *People v. Bone* (1982), 103 Ill. App. 3d 1066, 432 N.E.2d 329.

In *Myers*, the court held that at least two cuts at the throat of a victim, interrupted by assaults on another person, were separate acts supporting convictions of both attempted murder and armed violence. In *Bone*, a defendant had shot and killed a victim at the start of a robbery of persons in a service station. He was convicted of (1) murder by committing acts which the actor knew to create a strong probability of death or great bodily harm; (2) felony murder; and (3) armed robbery (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(2), 9—1(a)(3), 18—2). The appellate court stated the felony murder conviction had to be set aside because it arose from the same act as the other murder, the killing of the victim. However, the court then went on to explain the rationale of its ruling upon the basis that the felony murder was an included offense of the section 9—1(a)(2) murder. The court concluded that both offenses contained the same elements except that the felony murder involved a lesser mental state. The court made no mention of the fact that the felony murder involved the additional element and the additional act necessary for a robbery, the taking of property of value.

Whatever the rationale, we conclude that the court properly held that a person cannot be guilty of both a section 9—1(a)(2) murder and felony murder of the same individual when that individual is killed by the firing of a gun by the accused in performance of a robbery. We do not take the opinion to hold that a person cannot be guilty of two offenses when a

common act is part of both offenses or part of one offense and the only act of the other. No such case has been called to our attention.

■■ We hold that here, neither offense was an included offense of the other, and the offenses were not "carved" from the same act. Under *King*, both convictions can stand.

■■ The information before the court at sentencing indicated defendant was then between 17 and 19 years of age. Despite his youth, his record of having committed several burglaries as a juvenile supported the severity of the sentences. They did not result from an abuse of discretion by the trial court. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

For the reasons stated, the judgments of conviction and sentence are affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.


## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE GREEN delivered the opinion of the court:

■■ In defendant's petition for rehearing, he correctly points out that the aggravated battery for which defendant was convicted involved the element of the use of a deadly weapon (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)) rather than the element of causing great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)). Nevertheless, the aggravated battery and the home invasion offenses of which defendant was convicted each required elements not a required part of the other offense, and neither offense was an included offense of the other.

*People v. Hood* (1974), 59 Ill. 2d 315, 319 N.E.2d 802, *People v. Hunt* (1976), 38 Ill. App. 3d 366, 347 N.E.2d 884, and *People v. Weaver* (1968), 93 Ill. App. 2d 311, 236 N.E.2d 362, cited in defendant's petition for rehearing in support of his argument that both offenses for which he was convicted arose from the same act, are all pre-*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838. They were all decided upon the theory, discarded by *King*, that two convictions could not arise from the same course of conduct without independent motivation.

LONDRIGAN and TRAPP, JJ., concur.