THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID P. PETERSON, Defendant-Appellant.

Fourth District   No. 4—82—0062

Opinion filed September 1, 1982.

John D. McFetridge, of Lawrence E. Johnson & Associates, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Mona C. Mack, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant was tried by jury in the circuit court of Champaign County on the offenses of driving while under the influence of intoxicating liquor and resisting a peace officer. He was convicted of the former charge, acquitted on the latter, and sentenced to 180 days in the Department of Corrections. On appeal, he asserts his guilt was not proved beyond a reasonable doubt, and the trial court erred (1) in denying his motion to strike and dismiss the driving under the influence charge, (2) in denying his motion for a severance, and (3) in permitting the prosecution to introduce selected portions of a transcript of defendant's prior testimony. We affirm.

The evidence at trial indicated that on August 15, 1981, at about 4:30 a.m. a deputy sheriff found defendant's automobile in a soybean field about 30 to 40 feet from a road. The car's engine was running and defendant was leaning over the wheel with his legs under the steering wheel, appearing to be sleeping. The deputy testified he shook the defendant, who awoke and partially sat up whereupon the deputy asked defendant if he was all right and for some identification. According to the deputy, defendant turned his face away and started to lay back at which time he, the deputy, grabbed defendant's arm and shoulder, shook him, pulled him to a sitting position, and questioned him again. The deputy stated defendant failed to answer, pushed his arm toward the deputy and lay back down. The deputy testified that defendant smelled of "alcohol" and held onto the steering wheel when he tried to remove defendant from the vehicle.

The deputy's testimony continued as follows: He reapproached defendant's vehicle about 30 minutes later after a tow truck had arrived. Defendant appeared to be asleep but the deputy shook him awake and placed a cuff on defendant's left hand. Defendant still did not get out of the car. As the deputy attempted to force defendant out, defendant hung onto the steering wheel and buckled his legs underneath it. The deputy removed defendant with the help of the tow

truck driver. At this time the deputy also noticed a strong scent of alcohol on defendant's breath and that defendant spoke harshly. After defendant was placed in the back of a squad car, he continued to resist. Although the deputy had not given defendant any kind of tests, he testified to an opinion that defendant was then intoxicated.

Defendant had previously been tried on the single charge of resisting arrest. A mistrial was declared there when the jury was unable to agree. Over defendant's objection a transcript of his testimony at that trial was admitted into evidence and read to the jury. Defendant testified there as follows: After work on August 14, 1981, he went to his parents' home and had a meal. He did not have any alcohol there. He went to a friend's house and had two beers. He then went to Prairie Lands and had four drinks from 12:30 to 3 a.m. He then left in his car. He felt sleepy. He had no difficulty driving but he had to go slow due to the rain. When he reached the intersection at 2500 North and 1300 West, he ran off the road. At that intersection the road curves left and also goes straight. He wanted to go left but passed it. While pulling back he ran into the ditch and onto the bean field.

■■ We deem the evidence fully sufficient to support the conviction. Defendant admitted to having two beers at a friend's house and then four drinks at a nightclub and that he was groggy when he left the club. While the existence of rain could have partially explained why defendant drove off the road, the jury could have concluded that his grogginess, induced by intoxicants was a contributing factor. Such a conclusion would be corroborated by the difficulty the deputy had in awakening defendant and defendant's resistance. The opinion of the deputy added further weight. Any substantial impairment of the ability of the accused to drive resulting from the ingestion of intoxicants is sufficient to support a conviction for driving under the influence of intoxicating liquor. (*People v. Wheatley* (1972), 4 Ill. App. 3d 1088, 283 N.E.2d 279.) A reasonable jury could find beyond a reasonable doubt that such impairment existed here.

Prior to trial the court denied a defense motion to dismiss the driving under the influence charge. The motion was based upon the provisions of section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—3(b)) concerning multiple prosecutions for the same act. It states:

> "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection

(c), if they are based on the same act."

The resisting a peace officer charge was filed on August 7, 1981. As previously stated, in mid November 1981 a trial of the charge was held and the jury was discharged when it could not reach a verdict. Then, on November 25, 1981, the driving under the influence of intoxicating liquor charge was filed. Defendant's motion to dismiss maintained that the later charge was filed too late because the two charges are based on the same act and were both known to the prosecuting officers at the time of the filing of the initial charge. Defendant maintains he showed that the prosecutions were required to be brought at the same time and the trial court erred in denying the motion.

■ Defendant misinterprets the application of the single prosecution requirements of section 3—3(b). As explained in the Committee Comments to section 3—4 of the Code (Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 214 (Smith-Hurd 1972)), section 3—4 provides the method of enforcing the requirements of section 3—3(b). Section 3—4(b) concerns the situation where a defendant should have been charged at the time of the prosecution with another offense. It provides for a bar of the subsequent prosecution only when the prosecution of the other offense has terminated by either a conviction or an acquittal. Because of the hung jury, the defendant here was neither convicted nor acquitted. *People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.

After defendant's motion to strike was dismissed, the defendant moved for a severance. That motion was denied and defendant was tried for the offenses of driving under the influence of intoxicating liquor and resisting a peace officer.

Section 111—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat.1981, ch. 38, par. 111—4) states in pertinent part:

"Joinder of Offenses and Defendants.

(a) Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on 2 or more acts which are part of the same comprehensive transaction."

Defendant contends that the two offenses are separate and distinct and have no elements in common. He states that the offense of operating a motor vehicle while under the influence of intoxicating liquor was completed prior to the offense of resisting a peace officer. He states that no "common scheme" existed, and the fact that the corroborative evidence was the product of the same investigation does not affect the independence of the offenses themselves. Defendant

contends the counts should not have been joined together.

We need not decide whether the two offenses with which defendant was tried rose out of the same transaction. The evidence would have been the same in the driving under the influence case even if the resisting arrest charge had been severed. Accordingly, the defendant was not prejudiced, and an economy of time resulted from trying the cases together. (See *People v. Sockwell* (1977), 55 Ill. App. 3d 174, 371 N.E.2d 100.) The trial court is clothed with substantial discretion in ruling on a motion to sever. (*People v. Marbley* (1975), 34 Ill. App. 3d 434, 340 N.E.2d 247.) That discretion was not breached here.

Finally, defendant complains of the introduction into evidence, over his objection, of his testimony at the previous trial devoted entirely to the resisting arrest charge. Citing the dissent in *Miller v. People* (1905), 216 Ill. 309, 74 N.E. 743, defendant argues the use of the evidence shows that defendant had testified before and would make it more difficult for him to exercise his privilege not to testify in the present case. However, that argument was not accepted by the *Miller* majority. The decision of the majority is precedent binding upon us. Defendant also seeks to analogize to the rule which forbids use of a defendant's testimony at a suppression hearing as part of the State's case in chief. (*People v. Luna* (1967), 37 Ill. 2d 299, 226 N.E.2d 586; *People v. Sturgis* (1974), 58 Ill. 2d 211, 317 N.E.2d 545, *cert. denied* (1975), 420 U.S. 936, 43 L. Ed. 2d 412, 95 S. Ct. 1144.) However, there the purpose of the rule is to permit a defendant to protect himself against the use of unlawfully obtained evidence without impairing his privilege against self-incrimination. As stated in *Luna*, a defendant is not compelled to testify at a first trial to protect any constitutional right. The general rule is that an accused who elects to testify at a trial waives his privilege against self-incrimination through the use of that testimony at a subsequent trial. (*Harrison v. United States* (1968), 392 U.S. 219, 20 L. Ed. 2d 1047, 88 S. Ct. 2008.) Defendant argues that here he had no reason to believe that the testimony would be used against him in a driving while intoxicated charge. We see no reason to limit the use of the testimony to *future trials* that are *foreseeable*. The trial court properly admitted evidence of the former testimony.

The judgments of conviction and sentence are affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.